**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 25-10883
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JEREMY EHLERS,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cr-00068-MCR-1

————————————

Before NEWSOM, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

A federal grand jury indicted Jeremy Ehlers on one count of production and one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2251(a), (e) (Count I) and 2252A(a)(2), (b)(1) (Count II). Ehlers pleaded guilty to both counts. The district court sentenced him to a total term of 600 months imprisonment. He now appeals that sentence on substantive unreasonableness grounds. We affirm.

## I.

Ehlers consented to having a magistrate judge preside over his plea hearing, during which he was informed that on Count I he faced a statutory maximum term of 30 years imprisonment, a maximum term of life on supervised release, and a fine of up to $250,000. And he was informed that on Count II he faced a statutory maximum term of 20 years imprisonment, supervised release for life, and up to a $250 fine. During the plea hearing Ehlers agreed that the government's summary of the factual bases was sufficient to constitute the offenses charged in both counts of the indictment, and he pleaded guilty to both counts. A district judge later adopted the magistrate judge's recommendation that Ehlers' guilty plea be accepted, and it was.

During the sentence hearing, the district court made specific findings in calculating Ehlers' recommended guidelines range. It found his total offense level to be 44, which the guidelines treat as 43; his criminal history category to be I; and the recommended guidelines range to be 600 months imprisonment. Neither party objected to the court's findings. At the conclusion of the sentence

hearing, the court imposed the recommended guidelines sentence of 600 months imprisonment.

Ehlers contends that the district court abused its discretion by improperly weighing the 18 U.S.C. § 3553(a) factors related to deterrence and mitigation, rendering his sentence substantively unreasonable. He argues that the court should have given more weight to the voluntary cessation of his offense conduct and his personal history and characteristics.

We review for abuse of discretion the substantive reasonableness of a sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). This deferential standard of review "take[s] into account the totality of the circumstances" and recognizes that district courts have superior "institutional" knowledge and experience in making sentencing determinations. *Id.* at 51–52 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") (quotation marks and citation omitted).

A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation omitted). A court "commits a clear error of judgment when it considers the proper factors, but weighs those factors unreasonably, arriving at a sentence that does not achieve the purposes of sentencing as stated in § 3553(a)." *United States v.*

*Howard*, 28 F.4th 180, 205 (11th Cir. 2022) (quotation marks and citation omitted).  It is the challenging party's burden to establish that the sentence is unreasonable.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Ehlers has not carried his burden. The district court needed only to acknowledge that it considered the § 3553(a) factors; it was not required to "discuss or state each factor explicitly." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that "[a]n acknowledgment [that] the district court has considered the defendant's arguments and the § 3553(a) factors will suffice") (citation modified). Nor was it required to explicitly discuss mitigating evidence. *See United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022) ("A district court's failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence.") (citation modified).

At the sentence hearing, the district court heard the parties' arguments concerning the sentencing factors and mitigating circumstances.  Afterward, it stated that it "respect[ed] [the] argument" about "the fact that [Ehlers had] stopped" abusing his eight-year-old stepdaughter "after a week."  But it then explained that while Ehlers had stopped his conduct, and even if the victim were the only one he'd ever abused, he had also video-recorded the abuse.  Not only that, but because Ehlers distributed that video, his abuse "will go on forever for her."  The court found that there was "no stopping" the circulation of those images, that they would exist in "perpetuity," and that is what made this "such a serious, serious

offense."  Ehlers, in the court's judgment, had "to pay for that" aspect of his crime.  *See* 18 U.S.C. § 3553(a)(2)(A) (listing the need "to reflect the seriousness of the offense" and "provide just punishment").

The court emphasized that Ehlers was caught only "because those images showed up *in another country years later*."  *See id.* § 3553(a)(1) (requiring a sentencing judge to consider the "nature and circumstances of the offense").  The court also considered that the imposed "sentence has to promote respect for the law and that includes . . . the Florida State law" and "the Adam Walsh Act." *See id.* § 3553(a)(2)(A) (listing "promote respect for the law").  And it pointed to the need to "avoid unwarranted sentencing disparities" and pointed out that in Ehlers' case, there were "a number" of other examples of "life sentences" that the court had imposed on defendants whose conduct was less aggravated than (or at least similar to) Ehlers' conduct. *See id.* § 3553(a)(6) (listing the "need to avoid unwarranted sentence disparities").

Based on the reasons outlined in the presentence report and the government's arguments under § 3553(a), the district court imposed a guidelines sentence of 600 months imprisonment — 360 months on Count I and 240 months on Count II to run consecutively — and a lifetime term of supervised release to run concurrently on both counts.  In the face of Ehlers' "serious, serious offense[s]," the district court placed more weight on the need to promote respect for the law, provide just punishment, and for general deterrence. *See Butler*, 39 F.4th at 1355 (explaining "the weight

given to each [sentencing] factor is committed to the sound discretion of the district court"); *see also Irey*, 612 F.3d at 1211 (recognizing that the value of deterrence is particularly compelling in child pornography cases, and "[t]he problem of a missed opportunity for deterrence . . . is compounded when the crime involves not just possession but also distribution of child pornography"). The court's careful balancing of the factors and its consideration of the parties' arguments led it to impose the guidelines sentence that it thought appropriate but not greater than necessary. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) (explaining that sentences that fall within a properly calculated guidelines range are "ordinarily . . . expect[ed] . . . to be [] reasonable").

## II.

"Child sex crimes are among the most egregious and despicable of societal and criminal offenses." *Irey*, 612 F.3d at 1206 (quotation marks and brackets omitted); *United States v. Sarras*, 575 F.3d 1191, 1220–21 (11th Cir. 2009) (affirming as reasonable a *100-year sentence for a first offender* who sexually abused a single 13-year-old girl and took photos of it). The punishment should fit the crime — the more serious the offense, "the longer the sentence should be." *Irey*, 612 F.3d at 1206. That Ehlers will be in his eighties upon his release does not make his sentence substantively unreasonable. *See United States v. Mosquera*, 886 F.3d 1032, 1052 (11th Cir. 2018) ("[A] sentence which may result in a defendant passing away while in custody, however tragic, is neither automatically a life sentence nor presumptively unreasonable."); *Irey*, 612 F.3d at 1205–06 (refusing to reward a sex-offender who evaded detection for years

with a lesser sentence based on the fact he'd be "an old man when he gets out of prison" and explaining if he'd been caught sooner, he'd be younger when released from prison) (quotation marks omitted).

The district court did not unreasonably weigh the § 3553(a) factors to arrive at the 600-month sentence it imposed, the sentence was not substantively unreasonable, and there was no abuse of discretion.

**AFFIRMED.**